Craig K. Perry, Esq.
Nevada Bar # 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Phone: (702) 228-4777
Fax: (702) 943-7520
E-mail: info@1stoplawfirm.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| Kirby Spencer, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR DAMAGES FOR** |
| vs. | ) | **VIOLATION OF THE TELEPHONE** |
| | ) | **CONSUMER PROTECTION ACT, 47** |
| Wells Fargo Corporation, | ) | **U.S.C. § 227 ET. SEQ.** |
| a foreign corporation, doing business in | ) | |
| Nevada, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Spencer Kirby (hereafter referred to as "Plaintiff"), by and through his attorney, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and alleges the following against Wells Fargo Corporation (hereafter referred to as Defendant "Wells Fargo").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereafter referred to as "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(g)(2), and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Wells Fargo conducts business in the State of Nevada and therefore, personal jurisdiction is established.

4. Venue in this District is proper pursuant to 47 U.S.C. § 227(e)(6)(E)(i), which incorporates by reference 28 U.S.C. § 1391, of which the following subsections apply: (b)(2), because a substantial part of the events giving rise to the claim arose in Nevada, and (c)(1), because Plaintiff is a resident of the state of Nevada.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Henderson, Nevada.

7. Plaintiff is both a "person" and "called party" as those terms are used or defined in 47 U.S.C. § 227.

8. Wells Fargo is a California corporation doing business in Nevada and for whom a principal purpose of its business is telecommunications.

9. Wells Fargo is properly referred to as both a "person" and a "caller" as those terms are used or defined in 47 U.S.C. § 227.

## STATEMENT OF FACTS

10. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 9, inclusive, above.

11. Beginning on or about August 5, 2014, when Plaintiff purchased and turned on his new cellular phone, he began receiving robocalls from Wells Fargo to his cell phone number. Plaintiff received 70 robocalls from August 5, 2014 through September 30, 2014. (See Exhibit 1.). A robocall is any call made using an automatic telephone dialing system (*LCCA/er v.* CashCalf. 554 F. Supp.2d 1025 (N.D. Cal. 2008). These calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Robocalls are not permitted when there is neither (1) an established business relationship (see § 227(a)(2) nor (2) prior express consent (see § 227(b)(1)(A)).

12. Plaintiff sent a letter concerning the problem by certified mail to Wells Fargo, requesting a cease and desist of their repeated calls to his cell phone, and advising them that he did not give Wells Fargo or any of its assignees or representatives permission to contact him on his cell phone. According to USPS tracking records, that letter was delivered to and received by Wells Fargo on September 2, 2014. (See Exhibit 2.) As of the date of the filing of this complaint, that letter never received an answer.

13. From August 5, 2014 through September 30, 2014, a total of 70 calls were made on behalf of Wells Fargo to Plaintiff's cell phone. Calls 1 through 40, which were made August 5, 2014 through September 2, 2014, were made willfully, and calls 41 through 70, which were made September 3 through September 30, 2014, were made knowingly.

14. These calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227. Such calls are not permitted when there is neither (1) an established business relationship (see § 227(a)(2) nor (2) prior express consent (see § 227(b)(1)(A)).

15. Wells Fargo does not have an established business relationship with Plaintiff.

16. Wells Fargo did not have the prior express consent of the Plaintiff before making the calls to Plaintiff.

17. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff is entitled to recover reasonable attorney's fees therefor.

///

///

**FIRST CLAIM FOR RELIEF**

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

18. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 17, inclusive, above.

19. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

20. Section 227(b)(3)(B) of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

21. Despite the fact that Plaintiff never consented to Wells Fargo making calls to his cellular telephone, Wells Fargo repeatedly placed these non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

22. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations when they are done "willfully and knowingly."

23. Here, upon information and belief, Wells Fargo repeatedly and regularly sent nonemergency, automated calls to the Plaintiff's cellular telephone after Plaintiff repeatedly contacted Wells Fargo in an effort to prevent further violations from occurring.

24. Wells Fargo did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that a judgment be entered against Defendant Wells Fargo for the following:

(1) Actual damages;

4

(2) Statutory damages up to $1,500 per violation;

(3) Reasonable attorney's fees and costs; and

(4) Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury in this case.

RESPECTFULLY SUBMITTED,

DATED: October 2, 2014

CRAIG K. PERRY & ASSOCIATES

Craig K. Perry, Esq.
Nevada Bar #3786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 942-7520 Fax
info@1stoplawfirm.com

5