Craig K. Perry, Esq. (Nevada Bar No. 003786)
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
Phone: (702) 228-4777
Fax: (702) 943-7520
info@1stoplawfirm.com
*ATTORNEY FOR PLAINTIFF*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kirby Spencer, | Case No. 2:14-cv-01648-LDG-GWF |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| Wells Fargo Bank, N.A. | |
| Defendant. | Hon. Lloyd D. George |
| | Magistrate Judge George Foley, Jr. |

COMES NOW, Plaintiff KIRBY SPENCER, by and through his undersigned counsel, and files this *Motion for Leave to File a Second Amended Complaint*.

Dated: February 3rd, 2015.

Respectfully submitted,

CRAIG K. PERRY & ASSOCIATES

By:  /s/ Craig K. Perry, Esq.
_____
Craig K. Perry, Esq. (Bar No. 003786)
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
(702) 943-7520 Fax
info@1stoplawfirm.com

*Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Kirby Spencer ("Plaintiff") respectfully moves, pursuant to Fed. R. Civ. P. 15, for entry of an Order granting him leave to file a Second Amended Complaint, attached hereto as Exhibit A. The proposed Second Amended Complaint adds class allegations, as Plaintiff seeks to go forward with this matter as a class action in which he represents two putative classes of individuals who were sent unauthorized automated "robocalls" by Defendant. In support of this Motion, Plaintiff states as follows:

## BACKGROUND

On October 7, 2014, after receiving numerous unauthorized robocalls from Defendant Wells Fargo Bank, N.A. ("Defendant"), Plaintiff initiated this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, against Defendant. The robocalls were all sent from a single identical phone number, (877) 647-8552, which is a number associated with Defendant. Under almost the exact same circumstances as Plaintiff's, countless consumers have complained of receiving unauthorized automated phone calls from Defendant through the same telephone number in an attempt to collect on a delinquent account even though they have never contacted Defendant, opened an account with Defendant, or given Defendant permission to place such calls. Below is just a small sample of complaints listed online which show that Defendant's conduct of repeatedly placing unauthorized automated calls to individuals who have no relationship with Defendant is widespread, causes much frustration, and remains an ongoing issue;

> "I have never had an account with Wells Fargo so I don't know why they r calling me, I answer the phone and they hang up, probably get 3 to 4 calls a day from this number." (Jay, 11/20/2014.)

> "They called me at least over 60 times over past month and its for someone else and I clicked that it was wrong person but they still keep calling and leaving 40 voicemails." (Private, 11/8/2014.)

> "I get calls several times a day on my relatively new cell phone from this number. I finally answered it, and got a recording saying, 'Please hold for an important message.', followed by music. I waited quite a while, but no one ever picked up, and I realized I was eating up my cell minutes for nothing, so I hung up . . . I finally

looked up the number and discovered it is Wells Fargo's overdraft department. I don't even HAVE a Well's Fargo account, and never did . . . I truly wish there was a way to prevent these vultures from calling my cell or to stop being CHARGED for these calls . . . . It's expensive, and not fair." (Jeepers, 10/21/2014.)

"I got a call from this number and I just got a new phone #. I answered it after them calling 2 times and the second time I got an automated message from Wells Fargo asking for someone whom I don't know. So it is Wells Fargo." (Mary, 7/29/2014.)

Furthermore, since the filing of this lawsuit on October 7, 2014, and even after Plaintiff filed his first Amended Complaint on October 27, 2014,[1] Plaintiff continued to receive unauthorized automated phone calls from Defendant, and has received over 30 unauthorized robocalls since the filing of his original Complaint.

Based on Plaintiff's investigation and discovery to date, including information relating to the mass transmission of automated calls from a single phone number, the number of complaints asserted against Defendant's automated calling operation, and the ongoing nature of Defendant's conduct despite a lawsuit being filed, Plaintiff would now like to add a prayer for injunctive relief, as well as move forward with this case as a class action, on behalf of all individuals who have received similar such unauthorized automated phone calls from Defendant.

## LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (amendments to pleadings pursuant to Rule 15 "should be applied with extreme liberality") (internal quotations omitted). Motions to amend under Rule 15 should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on the part of the movant; or if the proposed amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Siller v. Aloya*, No. 14-cv-1810-GPC-MDD, 2015 WL 222470, at *2-3 (S.D.

---

[1] Plaintiff filed his First Amended Complaint to remove the claim in the original Complaint for violation of the Fair Debt Collection Practices Act.

Cal. Jan. 14, 2015); *Fradella v. City of Henderson,* 2:09-CV-0680-LRH-PAL, 2011 WL 2183066, at *1 (D. Nev. June 3, 2011).

While the consideration of prejudice is the factor that carries the greatest weight, *see Eminence Capital,* 316 F.3d at 1052, the party opposing amendment "bears the burden of showing prejudice." *DCD Programs,* 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital,* 316 F.3d at 1052 (emphasis in original). In this case, none of the aforementioned factors are present at all, much less sufficiently to overcome the presumption that this amendment should be freely granted, particularly at this very early stage of the litigation.

## ARGUMENT

The proposed Second Amended Complaint adds allegations relating to the maintenance of this case as a class action, clarifies Plaintiff's theory of the case, and adds a prayer for injunctive relief, but does not otherwise materially alter the underlying claims from the first Amended Complaint. The maintenance of this suit as a class action will not require new substantive "theories" or any additional expert testimony as, for example, Defendant's use of an automatic telephone dialing system to make the calls will be established in the same way for Plaintiff individually as it would be for the putative class as a whole. As a result, the proposed Second Amended Complaint cannot be said to prejudice Defendant in any way, especially when the addition of class allegations would only require a few additional discovery requests at a time when no discovery schedule has even been set yet. *See Legg v. E-Z Rent A Car, Inc.,* No. 14-cv-1124-WQH-BGS, 2014 WL 4805206 (S.D. Cal. Sept. 26, 2014) (granting motion for leave to amend the complaint to alter class allegations and noting a lack of prejudice to the defendant) (citing *Eminence Capital,* 316 F.3d at 1052).

While amending the Complaint to add class allegations would result in Plaintiff filing a motion for class certification at the appropriate time in this case, Defendant would be

no more prejudiced than if this case had been initially filed as a class action. Likewise, the amendment would not be futile, since Plaintiff is confident in his ability to certify the classes and should have the opportunity to satisfy his burden in a formal class certification motion at a later time. Of course, Defendant remains free to oppose class certification but should do so at the appropriate time in opposition to the motion for class certification. *See U.S. Bank Nat. Ass'n v. Friedrichs*, No. 12-cv-2373-GPC-KSC, 2013 WL 6686327, at *4 (S.D. Cal. Dec. 17, 2013) (granting leave to amend and stating that the court would defer any challenges to the merits of the proposed amended complaint until after leave to amend is granted); *Legg*, 2014 WL 4805206, at *2 (same). In short, any class-related discovery would be relatively modest, and the addition of class allegations at this early stage in the case would not be futile and would not prejudice Defendant any more than if this case were originally filed as a class action.

Additionally Plaintiff seeks leave to amend the Complaint in good faith and not for any improper purpose, comporting the factual and legal allegations to the evidence obtained through investigation to date, including Plaintiff's investigation into the telephone number from which the telephone calls were made and the existence of multiple additional informal online complaints from individuals throughout the country. Most importantly, Plaintiff is motivated to bring this action as a class action and to add a prayer for injunctive relief due to Defendant's repeated failure to cease placing unauthorized automated telephone calls to his cellular telephone even *after* he filed his original Complaint on October 7, 2014 and even *after* he filed his first Amended Complaint on October 27, 2014. Defendant's automated debt collection operation is so fatally deficient in its ability to stop placing unauthorized phone calls that even one month after a lawsuit has been filed seeking to stop the calls it continues to place them. Based on the nature of Defendant's conduct demonstrated after the filing of this lawsuit, as well as industry practice, Plaintiff now seeks to amend in good faith in an effort to represent all individuals who, like him, have received and continue to receive unauthorized automated calls from Defendant.

Complaint was filed on December 23, 2014, before any case management schedule or discovery scheduling order has been entered, prior to the propounding of any discovery, and prior to the scheduling of any depositions.

WHEREFORE, Plaintiff Kirby Spencer respectfully requests that this Court enter an Order granting his Motion for Leave and permitting Plaintiff to file his Second Amended Class Action Complaint.

Dated: February 3rd, 2015.

Respectfully submitted,

CRAIG K. PERRY & ASSOCIATES

By:  /s/ Craig K. Perry, Esq.
     _____
     Craig K. Perry, Esq.
     Nevada Bar #3786
     8010 W. Sahara Ave., Suite 260
     Las Vegas, Nevada 89117
     Tel: (702) 228-4777
     Fax: (702) 942-7520 Fax
     info@1stoplawfirm.com

*Counsel for Plaintiff Kirby Spencer and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3rd, 2015, I electronically filed the forgoing *Plaintiff's Motion for Leave to File a Second Amended Complaint and Incorporated Memorandum of Points and Authorities* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court' electronic filing system. Parties may access this filing through the Court's system.

Kimberly P. Stein, Esq.
kps@h2law.com
Jason P. Weiland, Esq
jw@h2law.com
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Attorneys for Defendants

Dated: February 3rd, 2015        By: _____
                                 An Employee of Craig K. Perry & Associates